## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— )
 )
**FIFTY-SIX HOPE ROAD** )
**MUSIC, LTD.** )
 )
<u>Plaintiff</u> )
 )         **COMPLAINT & REQUEST**
v. )         **FOR INJUNCTIVE RELIEF**
 )
**RAISING CANE'S USA, LLC** )
 )         **(JURY TRIAL DEMANDED)**
<u>Defendant</u> )
———————————————————— )

## INTRODUCTION

This is an action under the Lanham Act for Trademark Infringement, Unfair Competition, False Association, Trademark Dilution, and Cancellation of the Defendant's Federally Registered Trademarks and pending applications for trademarks and for Common Law Trademark Infringement and Intentional Interference with Advantageous Business Relations.

## PARTIES

1.     The Plaintiff, Fifty-Six Hope Road Music, Ltd. ("Hope Road" or the "Plaintiff"), is a corporation existing under the laws of the Commonwealth of Bahamas, having a principal place of business located at Aquamarine House, Cable Beach, Nassau, Bahamas.

2.     The Defendant, Raising Cane's USA, LLC ("Raising Cane's" or the "Defendant"), is a limited liability company formed under the laws of the State of Louisiana and having a principal place of business located at 400 Convention Street, Suite 550, Baton Rouge, Louisiana.  The Defendant operates locations throughout the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

United States, including a location in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338.   The Court also has supplemental jurisdiction over the Plaintiff's state common law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

5.      Hope Road is owned and operated by the children and widow of the late legendary reggae performer, Robert Nesta Marley, professionally known as Bob Marley ("Bob Marley").

6.      Hope Road is the owner and exclusive licensor of certain rights in the picture, name, photograph, likeness, image, identity, persona, right of publicity, and signature of Bob Marley, and other intellectual property derived from his musical legacy as well as his song and album titles.

7.      Specifically, Hope Road is the owner of trademark registrations for BOB MARLEY (Reg. No. 2,349,361) in Classes 3, 6, 9, 14, 16, 18, 21, 24, 25, 26 and 34; BOB MARLEY AND THE WAILERS (Reg. No. 2,820,741) in Classes 9 and 25 (collectively, the "MARLEY Marks").  Hope Road is further the owner of a trademark registration for ONE LOVE (Reg. No. 1,998,491) (see "Exhibit 1") for Class 25, and has pending applications bearing (Serial No. 77/549,263) to register ONE LOVE in class 41, (Serial No. 77/782,232) to register ONE LOVE in class 43, and (Serial No. 77/233,644) to register ONE LOVE in class 25 (hereinafter collectively, the "MARLEY ONE LOVE

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark"). (True and accurate copies of TESS summaries of the MARLEY ONE LOVE Mark from the United States Patent and Trademark Office are attached hereto as "Exhibit 2" and are incorporated herein by reference).

8. The MARLEY Marks and the MARLEY ONE LOVE Mark are affiliated and intertwined, as they comprise a family of marks associated with Bob Marley and his musical legacy.

9. The MARLEY Marks and the MARLEY ONE LOVE Mark are often used together, or in conjunction with one and other, with goods, services, and promotional materials.

10. The genesis of the MARLEY ONE LOVE Mark is Bob Marley's recording of the song entitled "One Love" in 1965. The song embodies Marley's message to the world of peace and unity; living together as one people.

11. The "One Love" song was released by the band Bob Marley and the Wailers in 1977 and became one of Bob Marley's most famous songs, appearing on the album Exodus. The song has since been included on numerous musical compilations featuring the works of Bob Marley, including the album Legend, which has sold more than 13.5 million albums in the United States alone.

12. Since his untimely death, Bob Marley's fame has only grown. Bob Marley was posthumously inducted in the Grammy Hall of Fame in 2007. The British Broadcast Company recognized "One Love" as the song and "Exodus" as the album of the millennium in 2009.

13. "One Love" has for many years been licensed by Hope Road to the Jamaican Tourist Board as the official theme song of Jamaican tourism. Hope Road further by its

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

use and actions has parlayed Bob Marley's song "One Love" into a brand of the same name.

14.     Hope Road has sold clothing bearing the MARLEY ONE LOVE mark since as early as 1991, under a license issued to its authorized licensee Balzout.  Immediately following the end of Balzout's license, Hope Road granted a license to Zion Rootswear in 1999, and Zion has since 1999 made extensive use of the MARLEY ONE LOVE mark on clothing, hats, visors, stickers, key chains, buttons, pins, bracelets, jewelry, incense, patches, bumper stickers and other general items.  The MARLEY ONE LOVE mark has been used alone and in conjunction with other Bob Marley marks.

15.     Hope Road further has licensed its MARLEY ONE LOVE Mark to another licensee, Lyric Culture, who utilizes the MARLEY ONE LOVE Mark on t-shirts, scarves, blankets, pillows, and necklaces.

16.     Hope Road also uses the name and design mark "1LOVE" for charitable services throughout the United States and in partnerships with the United Nations Environment Programme, the African Leadership Academy, Playing for Change Foundation, Marley Beverages, Marley Coffee, and The House of Marley.

17.     Hope Road has also licensed the right to use the identity, persona, song titles, and album titles of Bob Marley, including the MARLEY ONE LOVE mark to restaurants since as early as 1999.  Specifically, Hope Road has licensed the MARLEY ONE LOVE mark and Bob Marley marks and Bob Marley's name and likeness to Universal Studios for use in its restaurant titled "Bob Marley, A Tribute to Freedom" since 1999.  Universal Studios uses the MARLEY ONE LOVE Mark and other Bob Marley song titles on its menu and in other ways in its restaurant.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

18.   In 2011, Hope Road was approached by an Alabama company seeking to license the "MARLEY ONE LOVE" Mark from Hope Road in connection with their proposal to open and operate a new restaurant.

19.   Specifically, the Alabama company proposed to open a restaurant in Orange Beach, Alabama called "Bob Marley's One Love Café," which would feature up to 15,000 square feet of dining and retail space and have seating for 500 patrons.

20.   The term and now the MARLEY ONE LOVE mark has been associated with Bob Marley throughout the United States and has acquired secondary meaning and trademark rights.

21.   Hope Road and its predecessors have sold goods and services utilizing the Bob Marley marks and the MARLEY ONE LOVE Mark for numerous years.  These goods and services are recognized by consumers as being associated with Hope Road and Bob Marley.

22.   Hope Road has garnered and maintains substantial goodwill within the United States in connection with its use of the MARLEY ONE LOVE Mark.

23.   Through its predecessor and directly, Hope Road has continued, without interruption, to use the Bob Marley marks and the MARLEY ONE LOVE Mark for services, clothing, and other merchandise.

24.   Upon information and belief, the Defendant operates a chain of restaurants in the United States under the name Raising Cane's, primarily offering for sale chicken fingers.

25.   Unbeknown to the Plaintiff, on July 26, 2002 and March 4, 2004 respectively, the Defendant applied for trademark registrations for the marks "Raising Cane's Chicken

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fingers One Love" and "One Love" (hereinafter with the 1LV mark as "CANE's ONE LOVE" marks).

26.      In addition, on March 13, 2012 the Defendant filed an additional registration for the mark "1LV" for use on stickers, bumper stickers, hats, caps and restaurant services, claiming a date of first use of January 4, 2012. (True and accurate copies of TESS summaries of the CANE's ONE LOVE marks from the United States Patent and Trademark Office are attached hereto as "Exhibit 3" and are incorporated herein by reference).

27.      The Defendant's applications for trademark registrations for the CANE's ONE LOVE marks state a date of first use of November 2001.

28.      On November 25, 2003 and December 27, 2005, the Defendant was issued trademark registrations for the marks "Raising Cane's Chicken Fingers One Love" and "One Love."  The Defendant's application seeking registration of the mark "1LV" is pending with the USPTO.

29.      The Defendant is actively using the CANE's ONE LOVE marks on its menu, its website and in advertising materials to promote and sell its chicken fingers and other food products

30.      The Defendant has never sought or obtained a license or permission from the Plaintiff to utilize or feature the MARLEY ONE LOVE Mark in any fashion.

31.      The CANE's ONE LOVE marks are similar in sound, appearance, and meaning to Hope Road's MARLEY ONE LOVE mark.

32.      The CANE's ONE LOVE marks are confusingly similar to Hope Road's MARLEY ONE LOVE mark.

Gallant & Ervin, LLC
One Olde North Rd., Suite 103
Chelmsford MA 01824

6

33.     The goods and services offered and sold by the Defendant under the CANE's ONE LOVE marks are similar to the goods and services offered and sold by Hope Road and its licensees under the MARLEY ONE LOVE mark.

34.     The Defendant's goods and services using the CANE's ONE LOVE marks are offered and sold in the same or similar channels of trade and commerce as the goods and services using the MARLEY ONE LOVE mark that are offered and sold by Hope Road and its licensees.

35.     Hope Road's use of the MARLEY ONE LOVE mark predates the date of first use stated in the Defendant's applications and registrations for the CANE's ONE LOVE marks as Hope Road began to sell clothing bearing the MARLEY ONE LOVE Mark as early as 1991.

36.     Because of the Defendant's conflicting use of the CANE's ONE LOVE marks and the ongoing disputes between the parties, Hope Road has been impeded in its efforts to license third parties to utilize the MARLEY ONE LOVE mark in connection with goods and services and Hope Road's applications seeking registration of its MARLEY ONE LOVE marks with the USPTO have been denied registration.

37.     The MARLEY ONE LOVE mark is inherently distinctive and has acquired secondary meaning by extensive, continuous, and substantially exclusive use by Hope Road.  The Bob Marley and MARLEY ONE LOVE marks are famous and distinctive within the meaning of the Trademark Dilution Act.  The applications and registrations for the CANE's ONE LOVE marks were filed and issued after the MARLEY ONE LOVE mark had already become famous and distinctive and after the MARLEY ONE LOVE Mark was being used commercially by Hope Road.

38.     The Defendant's use of the CANE's ONE LOVE marks is causing a likelihood of confusion, mistake or deception as to the source, association, origin, affiliation, endorsement, or sponsorship by Hope Road of the Defendant's goods and services, when there is none.

39.     The Defendant's use of the CANE's ONE LOVE marks is allowing the Defendant to trade on Hope Road's existing goodwill in its MARLEY ONE LOVE mark.

40.     The continued use and registration of the CANE's ONE LOVE marks is likely to and will continue to dilute the MARLEY ONE LOVE mark.

## **COUNT I**
### (Trademark Infringement- 15 U.S.C. § 1114)

41.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through forty (40) and incorporates each herein by reference.

42.     The MARLEY ONE LOVE Mark derives from, and is directly associated with, Bob Marley and his musical legacy.

43.     The MARLEY ONE LOVE Mark is also directly affiliated with the MARLEY Marks.

44.     The Plaintiff has used and has continued to use, without interruption, the MARLEY ONE LOVE mark on goods and services in trade and commerce, specifically recordings, clothing, other merchandise, restaurant and for music-related services.

45.     The Plaintiff has expressly licensed the use of the MARLEY ONE LOVE mark for restaurant services since as early as 1999.

46.     By virtue of its continued use of the MARLEY ONE LOVE Mark, the Plaintiff has acquired the sole and exclusive right to use said mark on goods, services, and

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

marketing materials.

47.     The Plaintiff has garnered and maintains substantial goodwill throughout the United States as a result of its continued and uninterrupted use of the MARLEY ONE LOVE Mark.

48.     The MARLEY ONE LOVE Mark is inherently distinctive and has acquired secondary meaning by extensive, continuous, and substantially exclusive use by Hope Road.

49.     The Defendant's trademark applications and registrations for the CANE's ONE LOVE marks stipulate that the Defendant's first use of said marks was not until November 2001.

50.     As the Plaintiff's use of the MARLEY ONE LOVE mark predates any use by the Defendant of the CANE's ONE LOVE marks, the Plaintiff has priority of use over the Defendant.

51.     Without the consent of the Plaintiff or a license from the Plaintiff, the Defendant is actively using the CANE's ONE LOVE marks in a manner that is confusingly similar to the Plaintiff's use of the MARLEY ONE LOVE mark.

52.     The CANE's ONE LOVE marks are similar in sound, appearance, and meaning to Hope Road's MARLEY ONE LOVE mark.

53.     The goods and services offered and sold by the Defendant under the CANE's ONE LOVE marks are similar to the goods and services offered and sold by Hope Road and its licensees under the MARLEY ONE LOVE mark and said goods and services are sold in the same or similar channels of trade and commerce.

54.     The CANE's ONE LOVE marks are confusingly similar to Hope Road's

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

1   MARLEY ONE LOVE mark.

2   55.    The Defendant's use in trade and commerce of the CANE's ONE LOVE marks is

3   likely to cause confusion or mistake and/or is likely to deceive consumers as to the origin

4   or source of the Defendant's goods.

5

6   56.    As the direct and proximate result of the Defendant's infringement, the Plaintiff

7   has suffered, and will continue to suffer, monetary loss and irreparable injury to its

8   business, reputation, and good will unless the Defendant and restrained and enjoined from

9   continuing to use its conflicting marks.

10
   ### COUNT II
11   (Unfair Competition- 15 U.S.C. § 1125(a))

12   57.    The Plaintiff repeats and re-alleges each and every allegation contained in

13   paragraphs one (1) through fifty-six (56) and incorporates each herein by reference.

14   58.    The Plaintiff's MARLEY ONE LOVE mark has become uniquely associated with

15   and has identified the Plaintiff as the source of goods and services, including but not

16   limited to, recordings, clothing, other merchandise, restaurant services and music-related

17   services.

18
19   59.    The Defendant's use of the CANE's ONE LOVE marks in connection with

20   restaurant services, food sales and other general merchandise is a false designation of

21   origin which tends to falsely represent that the Defendant's goods and services are

22   supplied by, sponsored by or are otherwise affiliated with or sanctioned by the Plaintiff.

23   60.    The Defendant's actions have been willful and deliberate and done with the full

24   knowledge of the Plaintiff's superior rights and priority of use in the MARLEY ONE

25   LOVE marks.

26

27

28

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

61.    As a result of Defendant's use of the CANE's ONE LOVE marks, consumers are likely to be confused as to the source of the Defendant's goods and services and/or the existence of a sponsorship by or affiliation of Defendant's goods and services with those of the Plaintiff.

62.    The Defendant's use of the CANE's ONE LOVE marks constitutes unfair competition and unfair acts and practices.

63.    The Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless the Defendant is enjoined and restrained from using the CANE's ONE LOVE marks.

## COUNT III
(False Endorsement/False Association- 15 U.S.C. § 1125(a))

64.    The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through sixty-three (63) and incorporates each herein by reference.

65.    The Plaintiff's MARLEY ONE LOVE mark has become uniquely associated with and has identified the Plaintiff as the source of goods and services, including but not limited to, recordings, clothing, other merchandise, and restaurant and music-related services.

66.    The Defendant's use of the CANE's ONE LOVE marks is likely to mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between Hope Road and Raising Canes, when there is none.

67.    Defendant's use of the CANE's ONE LOVE marks as alleged, constitutes a false endorsement, false affiliation, false designation of origin, false representation and false description of its goods and services in violation of Plaintiff's rights.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

68.     The Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless the Defendant is enjoined and restrained from using the CANE's ONE LOVE marks.

**COUNT IV**
(Trademark Dilution- 15 U.S.C. § 1125)

69.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through sixty-eight (68) and incorporates each herein by reference.

70.     The MARLEY ONE LOVE Mark is inherently distinctive and has acquired secondary meaning by extensive, continuous, and substantially exclusive use by Hope Road.

71.     The Plaintiff's MARLEY ONE LOVE mark is famous as it derives from Bob Marley's musical legacy and the release of his "One Love" song in 1977.

72.     Upon information and belief, the Defendant began to use the CANE's ONE LOVE marks, after the MARLEY ONE LOVE mark became famous.

73.     The Defendant's applications and registrations for the CANE's ONE LOVE marks were filed and issued after Hope Road and its predecessors had already been using the MARLEY ONE LOVE mark in commerce.

74.     The Defendant's use of its CANE's ONE LOVE marks is causing dilution of the Plaintiff's MARLEY ONE LOVE mark.

75.     The CANE's ONE LOVE marks are commercial and are used in commerce by the Defendant in connection with its chicken finger restaurants.

76.     As the direct and proximate result of the Defendant's dilution of the Plaintiff's MARLEY ONE LOVE marks, the Plaintiff has suffered, and will continue to suffer,

monetary loss and irreparable injury to its business, reputation, and good will.

**COUNT V**

(Cancellation of the Raising Cane's Marks- 15 U.S.C. § 1119)

77.    The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through seventy-six (76) and incorporates each herein by reference.

78.    Hope Road's use of the MARLEY ONE LOVE mark predates any use by the Defendant of the CANE's ONE LOVE marks.

79.    Hope Road's use of the MARLEY ONE LOVE mark predates the Defendant's applications and registrations for the CANE's ONE LOVE marks which state a date of first use of 2001.

80.    The Defendant's registrations for the CANE's ONE LOVE marks are for "restaurant services" while its application for the mark "1LV" is for both restaurant services and for other clothing and general merchandise.

81.    Hope Road has licensed the MARLEY ONE LOVE mark for restaurant services since as early as 1999 and has used the MARLEY ONE LOVE mark on clothing and other merchandise since as early as 1991.

82.    The Defendant's CANE ONE LOVE marks are confusingly similar to the MARLEY ONE LOVE Mark and are causing a likelihood of confusion, mistake or deception as to the source, association, origin, affiliation, endorsement, or sponsorship by Hope Road of the Defendant's goods and services, when there is none.

83.    The Defendant's marks and its registrations for same are improperly and unlawfully inhibiting the Plaintiff from obtaining registrations for categories of goods and services for Hope Road's MARLEY ONE LOVE mark.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

13

84.   The continued existence of the CANE's ONE LOVE marks casts a cloud upon Hope Road's right to continue to use and to expand the use of its MARLEY ONE LOVE mark, warranting the cancellation of the Defendant's marks and application seeking to register the mark "1LV."

85.   The Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and good will unless and until the CANE's ONE LOVE marks are cancelled.

<u>**COUNT VI**</u>
(Common Law Trade Mark Infringement)

86.   The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through eighty-five (85) and incorporates each herein by reference.

87.   The Plaintiff's use of the MARLEY ONE LOVE mark has been sufficiently extensive so that members of the public, on seeing the Defendant's use of the CANE's ONE LOVE marks, are actually being deceived or confused and others will likely be deceived or confused and believe that Defendant's goods and services have their origins with Plaintiff or are sponsored by or affiliated with Plaintiff.

88.   The Plaintiff has no adequate remedy at law and is suffering, and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless the Defendant is enjoined and restrained from using the CANE's ONE LOVE marks.

89.   The wrongful acts of the Defendant set forth above have caused the Plaintiff to suffer and will continue to cause the Plaintiff to suffer damages in an amount to be determined by the Trier of fact.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

14

## COUNT VII

(Intentional Interference with Advantageous Business Relations)

90.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through eighty-nine (89) and incorporates each herein by reference.

91.     The Plaintiff has entered into and licensed parties to utilize the MARLEY ONE LOVE marks and offer goods and services to the consuming public throughout the United States from which Plaintiff derives economic benefit relative to the authorized use of the MARLEY ONE LOVE mark in connection with the marketing and sale of goods and services.

92.     The Defendant is aware of the Plaintiff's advantageous business relationships that it maintains and the economic benefit that Hope Road derives therefrom as a result of its use of the MARLEY ONE LOVE mark.

93.     The Defendant has intentionally, willfully, and/or maliciously interfered with the Plaintiff's business relationships by using and registering the CANE's ONE LOVE marks in order to cause confusion as to the source of the Defendant's goods and services and to further mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between Hope Road and Raising Cane's, when there is none.

94.     As the direct and proximate result of the Defendant's interference with the Plaintiff's advantageous business relationships, the Plaintiff has suffered and will continue to suffer damages.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

**PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff demands relief as follows:

A.   That after a hearing on the merits, the Court issue an order permanently

enjoining the Defendant from utilizing the CANE's ONE LOVE marks

and any confusing similar variation thereof and from advertising,

marketing, distributing and selling and/or in any manner utilizing the

CANE's ONE LOVE marks on any goods or services and enjoin the

Defendant from any other actions of infringement of the Plaintiff's rights;

B.   Under Count I that the Court determine and declare that:

    1)   the Defendant's use of the CANE's ONE LOVE marks is a

reproduction, copying, counterfeiting, infringement of and/or

colorable imitation of the Plaintiff's trademark rights;

    2)   the Defendant's use of the CANE's ONE LOVE marks is likely to

cause confusion or mistake and/or is likely to deceive consumers as

to the origin or source of the Defendant's goods; and

    3)   the Defendant willfully and deliberately infringed the Plaintiff's

trademarks and rights.

C.   Under Count II that the Court determine and declare that:

    1)   the Defendant willfully and deliberately engaged in unfair competition

by using  the CANE's ONE LOVE marks so as to infringe upon the

Plaintiff's rights;

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

1

2            2)   the use by the Defendant was a false designation of origin which

3                    tended to falsely represent that the Defendant's goods were supplied

4                    by, sponsored by or were otherwise affiliated with the Plaintiff;

D.   Under Count II that the Court determine and declare that the Defendant

illegally misappropriated and engaged in unfair competition and falsely

misled the public by using the CANE's ONE LOVE marks in

advertisements, menus, websites, merchandise and other medium related

to the promotion and sale of the Defendant's goods and services;

E.   Under Count III that the Court determine and declare that the Defendant's

use of the CANE's ONE LOVE marks in connection with the promotion

and sale of the Defendant's goods and services is likely to mislead

consumers to believe that there is an affiliation, sponsorship, endorsement,

and/or association between the Plaintiff and the Defendant in relation to

their goods and services;

F.   Under Count IV that the Court determine and declare that the CANE's

ONE LOVE marks are causing a dilution of the MARLEY ONE LOVE

mark;

G.   Under Count V that the Court determine and declare that the Plaintiff has

priority of use in the MARLEY ONE LOVE Mark over the CANE's ONE

LOVE marks and that the CANE's ONE LOVE marks are so confusingly

similar to the MARLEY ONE LOVE mark as to warrant cancellation of

the registrations (and any applications) of the CANE's ONE LOVE marks;

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

H.    Under Count VI that the Court determine and declare that the Defendant's use of the CANE's ONE LOVE marks was unauthorized and are so similar to the Plaintiff's MARLEY ONE LOVE mark as to cause confusion as to the source and origin of the Defendant's goods and services and has damaged the Plaintiff's goodwill and business reputation;

I.    Under Count VII that the Court determine and declare that the Defendant's use of the CANE's ONE LOVE marks has intentionally and unlawfully interfered with the Plaintiff's business relationships;

J.    That Judgment issue against the Defendant under Counts I, II, III, IV, VI & VII in an amount to be determined by the Trier of fact, together with interest and costs;

K.    That Judgment issue under Count V cancelling the registrations (and application for) the CANE's ONE LOVE marks;

L.    That Plaintiff be awarded damages for the injury to the Plaintiff's reputation, good will and false designation of origin, and false association and false endorsement in an amount up to three times the actual damage and/or profit of the Defendant together with attorney's fees and costs of this action pursuant to 15 U.S.C. § 1117;

M.    That the Plaintiff be awarded its reasonable attorney's fees and costs as provided by the statute;

N.    That the Plaintiff be awarded Defendant's profits from its unlawful acts and that an accounting be rendered of such profit; and

Gallant & Ervin, LLC One Olde North Rd., Suite 103 Chelmsford MA 01824

18

O.     That the Plaintiff be awarded such other and further relief as this Court

deems just and equitable.


Respectfully submitted,
The Plaintiff,
Fifty-Six Hope Road Music, Ltd.
By His attorneys,

/s/ Timothy J. Ervin
_____
TIMOTHY J. ERVIN, BBO# 567042
SCOTT D. CARMAN, BBO# 672469
GALLANT & ERVIN, LLC.
One Olde North Road, Suite # 103
Chelmsford, MA  01824
(978) 256-6041

Date: December 6, 2013

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824